UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALEX WITMER, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:13-cv-093-JMS-MJD |
| ) | |
| GARY HANKS, ) | |
| Respondent. ) | |

**Entry and Order Dismissing Action**

**I.**

The pleadings and the expanded record in this action show that habeas petitioner Alex Witmer is not entitled to a writ of habeas corpus. This conclusion rests on the following facts and circumstances:

1. Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

2. Witmer was charged with misconduct at an Indiana prison. He was charged in No. ISR-12-08-0138 with being in possession of an electronic device.

3. Witmer was notified of the charge and provided with notice of his procedural rights in conjunction with the anticipated hearing. A hearing was conducted on September 4, 2012. He attended the hearing and made a statement concerning the charge. That statement, along with the other evidence, was considered by the hearing officer. Witmer was found guilty and sanctions were imposed.

4. Under *Wolff* and *Hill,* Witmer received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Witmer was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions imposed. Witmer's contrary contentions do not support the relief he seeks here.

    a. Witmer's claim that there were irregularities in the administrative procedures followed does not support relief. *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990)*; Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

    b. Witmer's challenge to the imposition of segregation as a sanction does not constitute "custody" which can be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004)("State prisoners who want to raise a constitutional challenge to a[ ] . . . decision[ ] such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must . . . employ [42 U.S.C.] ' 1983 or another statute authorizing damages or injunctions--when the decision may be challenged at all . . . .").

    c. The conduct report recites that a search of the cell to which Witmer was assigned on August 28, 2012, at the Pendleton Correctional Facility revealed a Samsung cell phone, SIM cards, SD card reader, 5 cell phone chargers, and an altered Nintendo DS Game. There is no question that the conduct report constitutes the constitutionally sufficient "some evidence" to support the hearing officer's decision. *Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir.1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."); *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

5. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Witmer to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 12/02/2013

*Signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Alex Witmer
DOC #988629
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN  46064-9001